IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 15-cv-3568 |
| | ) | |
| v. | ) | |
| | ) | |
| MARCO ALVARADO, ADAM WIS, | ) | COMPLAINT FOR VIOLATION OF |
| MOZALE MCHENRY, VILLAGE OF | ) | CIVIL RIGHTS AND STATE |
| SCHAUMBURG, ADAM MARAK, and | ) | SUPPLEMENTAL CLAIMS |
| VILLAGE OF HOFFMAN ESTATES, | ) | |
| | ) | |
| Defendants. | ) | JURY DEMANDED |

## COMPLAINT

### JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 [42 U.S.C. Section 1983]. This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331, and 1367.

2. Venue is proper in the Northern District of Illinois, under 28 U.S.C. Section 1391, because the acts complained of occurred here and defendants reside here.

### PARTIES

3. At all times herein mentioned, Plaintiff, ROBERT THOMAS, was and is a citizen of the United States, and resides within the jurisdiction of this court.

4. THOMAS is African-American.

5. At all times herein mentioned, Defendant MARCO ALVARADO ("ALVARADO" or "INDIVIDUAL DEFENDANT"), was employed by the Village of Schaumburg Police

1

Department and was acting under color of state law and as the employee, agent, or representative of the Village of Schaumburg. This Defendant is being sued in his individual capacity.

6. At all times herein mentioned, Defendant ADAM WIS ("WIS" or "INDIVIDUAL DEFENDANT"), was employed by the Village of Schaumburg and was acting under color of state law and as the employee, agent, or representative of the Village of Schaumburg. This Defendant is being sued in his individual capacity.

7. At all times herein mentioned, Defendant MOZALE MCHENRY ("MCHENRY" or "INDIVIDUAL DEFENDANT"), was employed by the Village of Schaumburg and was acting under color of state law and as the employee, agent, or representative of the Village of Schaumburg. This Defendant is being sued in his individual capacity.

8. At all times herein mentioned, the VILLAGE OF SCHAUMBURG was a political division of the State of Illinois, existing as such under the laws of the State of Illinois.

9. At all relevant times, the VILLAGE OF SCHAUMBURG maintained, managed, and/or operated the Village of Schaumburg Police Department.

10. At all times herein mentioned, Defendant ADAM MARAK ("MARAK" or "INDIVIDUAL DEFENDANT"), was employed by the Village of Hoffman Estates and was acting under color of state law and as the employee, agent, or representative of the Village of Schaumburg. This Defendant is being sued in his individual capacity.

11. At all times herein mentioned, the VILLAGE OF HOFFMAN ESTATES was a political division of the State of Illinois, existing as such under the laws of the State of Illinois.

12. At all relevant times, the VILLAGE OF HOFFMAN ESTATES maintained, managed, and/or operated the Village of Hoffman Estates Police Department.

FACTUAL ALLEGATIONS

13. On March 5, 2015, Schaumburg police officers ADAM WIS, MARCO ALVARADO and MOZALE MCHENRY ("the Schaumburg officers") pulled over the vehicle THOMAS was driving, near Roselle Rd. and Commerce Dr. in Schaumburg, Illinois.

14. There was no reason for them to do this: he had committed no traffic violation and there was no other legal reason to stop him.

15. They pulled him over because he was African-American.

16. One or more of the officers summoned Hoffman Estates K9 police officer ADAM MARAK, while THOMAS remained detained in the vehicle and not free to leave.

17. Sometime later, MARAK arrived with a K9.

18. The officers made THOMAS exit his vehicle and wait in the cold[1] while MARAK searched the outside of the vehicle with his K9.

19. MARAK claimed the K9 indicated the presence of narcotics.

20. One or more of the officers then searched the vehicle.

21. MARAK then claimed the K9 indicated the presence of narcotics in the passenger's purse.

22. One or more of the officers then searched her purse.

23. Despite the dog supposedly "indicating narcotics," no drugs were found—not in the vehicle, not in the purse, not on the person of THOMAS, and not on the person of his passenger.

24. THOMAS was targeted by these police officers because of his race, African-American.

25. By reason of Defendants' above-described acts and omissions, plaintiff sustained emotional distress.

---

[1] It was approximately zero degrees Fahrenheit at the time.

3

26. Defendants' above-described acts and omissions were willful, wanton, and malicious and done with reckless indifference to and callous disregard for plaintiff's rights and justify the awarding of punitive damages against the individual defendants to punish and deter them and deter other police officers from similar conduct.

27. Plaintiff had to retain an attorney to render legal assistance to him in this action so that he might vindicate his constitutional right to be free from unreasonable search and seizure and his constitutional right to equal protection of the laws.

## COUNT I
## AGAINST INDIVIDUALS DEFENDANTS
## FOR UNREASONABLE SEARCH AND SEIZURE AND
## VIOLATION OF PLAINTIFF'S RIGHT TO EQUAL PROTECTION

28. Plaintiff hereby incorporates and re-alleges the above paragraphs as though fully set forth at this place.

29. The defendant police officers violated THOMAS' constitutional rights under the Fourteenth Amendment to the United States Constitution in the following ways: 1) they detained him by pulling over the vehicle he was driving, without any cause; 2) they detained him even longer while they waited for a K9 to search his vehicle, without any cause; 3) they made him stand outside in the cold while they had a K9 search the vehicle, without any cause; 4) they searched the inside of the vehicle without any cause; and 5) they did all this despite the fact he had committed no crime or traffic violation but rather because he was an African-American man.

30. Therefore, the individual defendants are liable to THOMAS under 42 U.S.C. § 1983.

COUNT II
AGAINST VILLAGE OF SCHAUBURG and VILLAGE OF HOFFMAN ESTATES
for INDEMNIFICATION

31. Plaintiff hereby incorporates and re-alleges the above paragraphs as though fully set forth at this place.

32. Pursuant to 745 ILCS 10/9-102, the VILLAGE OF SCHAUMBURG and VILLAGE OF HOFFMAN ESTATE are empowered and directed to pay any judgment for compensatory damages (and any associated attorneys' fees and costs) for which an employee police officer, acting within the scope of his employment, is found liable.

33. The acts and/or omissions of the individual defendants and each of them were committed within the scope of their employment.

34. In the event that a judgment for compensatory damages is entered against the individual defendants and/or any of them, the respective employer/municipality must pay the judgment[2], as well as the associated attorneys' fees and costs.

WHEREFORE, plaintiff, ROBERT THOMAS, by and through his attorney, Law Office of Julie O. Herrera, requests judgment as follows against the defendants:

1. That all defendants be required to pay plaintiff's compensatory damages;
2. That all defendants be required to pay plaintiff's attorney's fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;
3. That the individual defendants be required to pay punitive damages;
4. That all defendants be required to pay plaintiff's costs; and
5. That plaintiff have such other and further relief as this Court may deem just and proper.

---

[2] Excluding punitive damages

                Respectfully submitted,

            BY:  <u>Julie O. Herrera</u>
                Julie O. Herrera

Law Office of Julie O. Herrera
53 W. Jackson, Suite 1615
Chicago, IL 60604
Tel: 312-697-0022
Fax: 312-697-0812